COWLS BUILDING SUPPLY, INC.
**Plaintiff**
**vs.**
Thomas R. BLAKE, et als[1]
**Defendants**

**No. 354**

District Court/Hampshire, ss.
Appellate Division/Western District
Trial Court of the
Commonwealth of Massachusetts

**February 3, 1983**

**Richard M. Howland, Esq.**, counsel for plaintiff.
**Robert H. Wilson, Esq.**, counsel for defendants.

### DECISION AND ORDER

This cause came on to be heard in the Appellate Division for the Western District sitting at Springfield, upon report from the Northampton Division of the District Court Department and it was found and decided that there was prejudicial error.

It is hereby ORDERED: That the Clerk of the Northampton Division of the District Court Department make the following entry in said case on the docket of said Court, namely:

Judgment for Defendant vacated and new trial ordered.

Opinion filed herewith.

**Allan McGuane, Justice**
**Mel L. Greenberg, Justice**
**William T. Walsh, Justice**
Robert E. Fein, Clerk
By Frank M. Doyle, Asst. Clerk

### OPINION

**McGuane, J.** This matter is here on a narrow issue. The trial court allowed a motion to dismiss as to the defendant owners. The plaintiff appealed this dismissal or allowance of motion for summary judgment in favor of the owner - defendants.

Briefly, the defendants, Thomas R. Blake and Julia A. Blake entered into a contract with Wildflower, Incorporated for the construction of a home. The

---

[1] Julia A. Blake, Jeffrey Flower, John Flower and Wildflower, Incorporated.

plaintiff in this case supplied lumber and other materials to the builder, Wildflower, Inc.

The plaintiff has alleged that the defendant owners owe for goods sold and delivered by plaintiff and a count on an account annexed and for "unjust enrichment".

The plaintiff's claim against the owner defendants would appear to rest on the factual issue of whether or not the defendant owner has paid Wildflower, Inc. for the lumber and materials furnished by the plaintiff. Resolution of this issue of fact would then determine the existence of a claim against the owner defendant.

General Laws c. 254, sec. 26 provides "This Chapter shall not prevent a person entitled to a lien under it from maintaining a civil action as if he had no lien".

While the plaintiff perhaps wishes it had filed under the above chapter in time, failure to do so does not prevent his bringing an action.

Since there is precedent for third-party beneficiaries' suits, **Choate, Hall & Stewart vs S C A Services, Inc.**, Mass. Adv. Sheets (1979) at 1877, and since we do find that there exists a genuine issue of fact to be resolved, we find prejudicial error and the matter is remanded to the Northampton Division for trial on this claim.

**Allan McGuane, Justice**
**Mel L. Greenberg, Justice**

**William T. Walsh, Justice**
This certifies that this is the OPINION of the Appellate Division in this cause.
**Robert E. Fein, Clerk**
**By Frank M. Doyle, Asst. Clerk**